FILED

MAY 16 2019

Clerk of the Appellate Courts
Rec'd by_____

# IN THE SUPREME COURT OF TENNESSEE
## SPECIAL WORKERS' COMPENSATION APPEALS PANEL
### AT KNOXVILLE
#### February 25, 2019 Session

## AMEENAH HOUSE v. AMAZON.COM, INC.

**Appeal from the Workers' Compensation Appeals Board**
**Court of Workers' Compensation Claims**
**Nos. 2015-01-0125, 2015-01-0126   Thomas Wyatt, Judge**

---

### No. E2017-02183-SC-R3-WC – Mailed March 6, 2019

---

An employee filed workers' compensation claims against her employer for alleged work-related back and leg injuries. The Court of Workers' Compensation Claims (the trial court) ruled against the employee, finding that the employee failed to show that her alleged injuries were work-related. The Workers' Compensation Appeals Board affirmed the trial court's decision. The employee appealed. This appeal was referred to the Special Workers' Compensation Appeals Panel for a hearing and a report of findings of fact and conclusions of law under Tennessee Supreme Court Rule 51. After careful consideration, we affirm the judgment of the Appeals Board and adopt its opinion as set forth in the attached Appendix.

**Tenn. Code Ann. § 50-6-217(a)(2)(B) (2014 & Supp. 2017)**
**Appeal as of Right;**
**Judgment of the Workers' Compensation Appeals Board Affirmed**

SHARON G. LEE, J., delivered the opinion of the Court, in which DON R. ASH, SR.J., and ROBERT E. LEE DAVIES, SR.J., joined.

Ameenah House, Cleveland, Tennessee, Pro Se.

W. Troy Hart and Kristen C. Stevenson, Knoxville, Tennessee, for the appellee, Amazon.com, Inc.

### OPINION

Ameenah House worked for Amazon.com, Inc. in its Charleston, Tennessee warehouse. In June 2015, Ms. House filed two Petitions for Benefit Determination with

the Tennessee Bureau of Workers' Compensation. Ms. House requested workers' compensation benefits for injuries to her lower back and left leg arising from on-the-job incidents on November 20, 2014, and April 6, 2015. After a hearing, the trial court denied Ms. House's claims, holding that Ms. House did not present any medical evidence establishing that her alleged injuries arose primarily out of and in the course and scope of her employment with Amazon. *House v. Amazon.com, Inc. et al.*, Nos. 2015-01-0125, 2015-01-0126, 2017 WL 2723863, at *3 (Tenn. Workers' Comp. Claims June 9, 2017). The trial court noted that the only expert medical witness who addressed the causation issue stated that Ms. House's injuries did not result primarily from her employment. *Id.*

Ms. House appealed the adverse decision to the Workers' Compensation Appeals Board. The Appeals Board affirmed, holding that Ms. House failed to present any authority or legal argument that the trial court had erred and failed to provide the Appeals Board with a transcript of the compensation hearing or a statement of the evidence. *House v. Amazon.com, Inc. et al.*, Nos. 2015-01-0125, 2015-01-0126, at 4–5 (Tenn. Workers' Comp. App. Bd. Oct. 6, 2017) (Mem. Op.).

After careful consideration, we affirm the judgment of the Appeals Board and adopt its opinion as set forth in the attached Appendix. Costs of this appeal are taxed to Ameenah House, for which execution may issue if necessary.

SHARON G. LEE, JUSTICE

2

## APPENDIX

## MEMORANDUM OPINION OF THE WORKERS' COMPENSATION APPEALS BOARD[1]

Ameenah House ("Employee") alleged she experienced three incidents in the course of her employment with Amazon.com, Inc. ("Employer"), which resulted in injuries to her low back. The first incident occurred on October 28, 2014, when Employee asserted that the repetitive lifting duties of her position on a loading dock caused her back pain. She selected Dr. Christopher Palmer from a panel of physicians provided by Employer and was seen by him on one occasion. He stated in a November 5, 2014 report that he "did not see any particular trauma or injury," and that he thought "she is probably just asking a little bit more of her back than accustomed." Employee did not file a petition for benefit determination as a result of the October 28, 2014 incident. Thus, the trial court did not address the compensability of the October 2014 incident, and no issue on appeal concerns that incident.

Employee alleged a second incident occurring on November 20, 2014, when the forklift on which she was standing was struck from behind by another forklift. She described feeling a jolt, and she sought medical care the same day at AmCare, Employer's in-house medical facility. It is unclear from the record whether she was offered a panel of physicians. Employer asserts it provided a panel and Employee declined to select a physician from a panel, resulting in its denial of the claim based upon Employee's alleged failure to accept the medical care it offered. By contrast, Employee denied that she refused to select a physician from a panel following this incident. She did, however, seek treatment on her own from Dr. Steve Williams, a chiropractor, and she participated in physical therapy ordered by him.

Employee reported a third incident occurring on the morning of April 6, 2015. She alleged she was assaulted by a co-worker who grabbed her clothing and "slammed" her down on a pallet. She explained that she did not feel immediate pain, but began to start hurting in the afternoon, and by the time she got home from her shift, her pain had increased such that she sought emergency medical care. According to the trial court's order denying benefits, Employee testified at trial that "the April 6 incident was the 'icing on the cake' in worsening her pain to its current level." She continued to receive

---

[1] "The Appeals Board may, in an effort to secure a just and speedy determination of matters on appeal and with the concurrence of all judges, decide an appeal by an abbreviated order or by memorandum opinion, whichever the Appeals Board deems appropriate, in cases that are not legally and/or factually novel or complex." Appeals Bd. Prac. & Proc. § 1.3.

3

chiropractic care from Dr. Williams and subsequently received care from another chiropractor for whom she had begun working part-time, Dr. Evan Willing. In addition, she obtained an evaluation from Dr. James Little, although it is unclear how she came to see Dr. Little. Employer denied the claim arising out of the April 6, 2015 incident based upon its assertion that Employee's injury resulted from horseplay and her violation of safety rules amounting to willful misconduct.

On June 1, 2015, Employee filed petitions for benefit determination as a result of the November 2014 and April 2015 incidents. The record on appeal is silent as to proceedings or filings subsequent to July 2015, until a scheduling order was entered on February 28, 2017, setting the consolidated cases for trial on June 1, 2017.

Employer arranged for Employee to be seen by Dr. Jay Jolley for an independent medical evaluation on February 6, 2017. After reviewing Employee's medical records, some of which pre-dated the alleged incidents, and examining Employee, he testified in a deposition that Employee did not sustain a work-related injury as a result of any of the three alleged incidents and that she had no impairment or restrictions associated with any of the alleged incidents. Dr. Jolley associated Employee's complaints with pre-existing arthritis and opined that, while she was a surgical candidate, her problems were not causally related to her employment.

At trial, Employee introduced numerous medical records in support of her claims, but none of the records admitted into evidence included an opinion that Employee's back condition arose primarily out of and in the course and scope of her employment. Employee presented the testimony of Dr. Willing in person. Although the record on appeal does not include a transcript of the proceedings in the trial court or a joint statement of the evidence, the trial court's order reflects that Dr. Willing reviewed an MRI of Employee's lumbar spine and diagnosed her with a "broad-based disc bulge that compromised fifty-percent of the effected [sic] disc." The trial court's order additionally stated that Dr. Willing assigned a twelve percent whole body medical impairment rating, but that he was not asked to provide an opinion addressing causation. Dr. Willing apparently testified that a person struck by a machine can sustain an injury, but, according to the trial court's order, "Chiropractor Willing made this statement outside the context of any specific information properly posed to him about the facts of [Employee's] alleged injuries."

The trial court denied benefits, concluding Employee had not met her burden of establishing she suffered an injury arising primarily out of and in the course and scope of her employment. The court noted that although Employee introduced expert opinions from Dr. Little and Dr. Willing indicating she had a permanent medical impairment, neither offered a causation opinion. The trial court concluded that the only doctor who

4

offered an opinion on causation was Dr. Jolley, who opined Employee did not suffer any injuries arising primarily out of the employment.

Employee has appealed. She filed two separate notices of appeal, the first of which used the Bureau's form for an expedited hearing notice of appeal and on which she stated the following:

> 11/20/2014 claim I deny signing a letter stating I refused a panel doctor [that] was offered to me. I have not seen this letter. 4/6/15 claim denied because of horse play. There was no horse play when this injury happen [sic] and horse play was never proven by [Employer].

Along with her initial notice of appeal, Employee submitted a position statement that included factual assertions that do not appear in the record and for which there were no references to the record. The position statement was accompanied by a medical document that the trial court excluded from evidence at trial and a transcript of a deposition of Dr. Willing that was not admitted into evidence in the trial court.[2] Employee filed a second notice of appeal on the Bureau's form for a compensation hearing notice of appeal, which included a statement of issues similar to that in the initial notice of appeal. However, Employee has not cited any authority for the position she asserts, nor has she provided any meaningful legal argument describing any errors she contends to have been made by the trial court.

As stated by the Tennessee Supreme Court, and as we have observed on numerous occasions, "[i]t is not the role of the courts, trial or appellate, to research or construct a litigant's case or arguments for him or her." *Sneed v. Bd. of Prof'l Responsibility of the Sup. Ct. of Tenn.*, 301 S.W.3d 603, 615 (Tenn. 2010). Indeed, were we to search the record for possible errors and raise issues and arguments for Employee, we would essentially be acting as her counsel. The law clearly prohibits us from doing so, as appellate courts will not "dig through the record in an attempt to discover arguments or issues that [a pro se party] may have made had [that party] been represented by counsel" as doing so "would place [the opposing party] in a distinct and likely insurmountable and unfair disadvantage." *Webb v. Sherrell*, No. E2013-02724-COA-R3-CV, 2015 Tenn. App. LEXIS 645, at *5 (Tenn. Ct. App. Aug. 12, 2015). Accordingly, we decline to

---

[2] We have not considered the medical document, the transcript of Dr. Willing's deposition, or the factual assertions Employee presented in her position statement that do not otherwise appear in the record, as none of this information was presented to the trial court and properly admitted into evidence. *See Hadzic v. Averitt Express*, No. 2014-02-0062, 2015 TN Wrk. Comp. App. Bd. LEXIS 5, at n. 4 (Tenn. Workers' Comp. App. Bd. May 18, 2015) ("[W]e will not consider on appeal testimony, exhibits, or other materials that were not properly admitted into evidence at the hearing before the trial judge.").

conduct an "archaeological dig" into the record in an attempt to discover errors that might benefit either party. *McEarl v. City of Brownsville*, No. W2015-00077-COA-R3-CV, 2015 Tenn. App. LEXIS 894, at *7 (Tenn. Ct. App. Nov. 6, 2015).

Moreover, Employee has not provided us with a transcript of the proceedings in the trial court or a statement of the evidence. Without being provided a record of the testimony presented in the trial court, an appellate court "cannot know what evidence was presented to the trial court, and there is no means by which [it] can evaluate the appellant's assertion that the evidence did not support the trial court's decision." *Britt v. Chambers*, No. W2006-00061-COA-R3-CV, 2007 Tenn. App. LEXIS 38, at *8 (Tenn. Ct. App. Jan. 25, 2007). The totality of the evidence introduced in the trial court is unknown, and we decline to speculate as to the nature and extent of the proof presented to the trial court. Instead, consistent with established Tennessee law, we must presume that the trial court's rulings were supported by sufficient evidence. *See Leek v. Powell*, 884 S.W.2d 118, 121 (Tenn. Ct. App. 1994) ("In the absence of a transcript or a statement of the evidence, we must conclusively presume that every fact admissible under the pleadings was found or should have been found favorably to the appellee.").

For the foregoing reasons, we affirm the decision of the trial court and certify the trial court's order as final.

FILED

05/16/2019

Clerk of the
Appellate Courts

IN THE SUPREME COURT OF TENNESSEE
AT KNOXVILLE

## AMEENAH HOUSE v. AMAZON.COM, INC.

**Court of Workers' Compensation Claims**
**No. 2015-01-0125, 2015-01-0126**

### No. E2017-02183-SC-WCM-WC

### ORDER

This case is before the Court upon the motion for review filed by Ameenah House pursuant to Tennessee Code Annotated section 50-6-225(a)(5)(A)(ii), the entire record, including the order of referral to the Special Workers' Compensation Appeals Panel, and the Panel's Opinion setting forth its findings of fact and conclusions of law.

It appears to the Court that the motion for review is not well taken and is, therefore, denied. The Panel's findings of fact and conclusions of law, which are incorporated by reference, are adopted and affirmed. The decision of the Panel is made the judgment of the Court.

Costs are assessed to Ameenah House, for which execution may issue if necessary.

It is so ORDERED.

PER CURIAM

SHARON G. LEE, J., not participating